No. 1702.—J. B. Sanarens & Co. v. H. M. True et al.

Where property has been provisionally seized, and it is afterwards ascertained judicially that it was not subject to the provisional seizure, the sheriff can not be held liable on account of the insufficiency of the security on the release bond given by the owner of the property.

APPEAL from the Fourth District Court of New Orleans. *Théard, J.* *E. C. Guillet* and *Collens & Wooldridge,* for plaintiffs and appellees. *B. Egan* and *Cotton & Levy,* for defendants and appellees. *Hays & New,* for Hays, sheriff, defendant and appellant.

WYLY, J. Harry T. Hays, sheriff, has appealed from a judgment making him personally liable for releasing on bond, without sufficient securities, to H. M. True, his property provisionally seized by the plaintiffs. In the case of the same title (No. 1503) just decided, we held that the property released was not liable to the provisional seizure under which it was held by the sheriff, and the writ was set aside.

The sheriff, therefore, is not liable on account of the insufficiency of the sureties on release bond, given by the owner of the property.

It is therefore ordered that the judgment of the court *a qua* be annulled, and it is ordered that there be judgment for the appellant, and that plaintiffs pay all costs.

Rehearing refused.

No. 1869.—J. B. Sanarens & Co. v. H. M. True et al.

The sheriff can not be made liable for having released property, provisionally seized, without sufficient security, where it is shown by a judicial decree that the property released was not liable to the provisional seizure.

APPEAL from the Fourth District Court of New Orleans. *Théard, J.* *Hays & New,* for the sheriff, appellant. *Collens & Wooldridge,* and *Guillet & Murphy,* for plaintiff and appellee. *Fellows & Mills,* and *A. Robert,* for defendants and appellees.

WYLY, J. George W. Avery, sheriff, has appealed from a judgment rendering him personally liable for releasing, on bond, without good and solvent securities, to H. M. True, his property provisionally seized by the plaintiffs.

In the case of the same title, No. 1503, just decided, we held that the property released to its owner, was not liable to the provisional seizure sued out by the plaintiffs, and the writ was set aside. It is then quite immaterial whether the bond, taken by the sheriff, on releasing the property to H. M. True, was good and sufficient; the plaintiffs having no claim on the property, have no interest in the bond representing it.

It is therefore ordered that the judgment appealed from be reversed and annulled, and it is ordered that there be judgment for the appellant; plaintiffs paying costs in both courts.

Rehearing refused.